Mark BRITTINGHAM, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 92–16680.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 16, 1992.*

Decided Dec. 23, 1992.

---

* The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34–4.

Birney Bervar, Asst. Federal Public Defender, Honolulu, HI, for petitioner-appellant.

Edward H. Kubo, Jr., Asst. U.S. Atty., Honolulu, HI, for respondent-appellee.

Before: GOODWIN, O'SCANNLAIN, and RYMER, Circuit Judges.

PER CURIAM.

Brittingham appeals the district court's dismissal of his petition for writ of habeas corpus. The court held that it lacked personal jurisdiction in this case. We affirm.

■ For a court to hear a petition for writ of habeas corpus, it must have jurisdiction over the prisoner or his custodian. *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir.1984). Brittingham contends that, for the purposes of his petition, the U.S. Marshal for the District of Hawaii was his custodian, and therefore the district court in Hawaii had jurisdiction. This novel argument is not based on the facts.

■ The proper respondent in a federal habeas corpus petition is the petitioner's "immediate custodian." *Demjanjuk v. Meese*, 784 F.2d 1114, 1115 (D.C.Cir.1986) (Bork, J., in chambers). A custodian "is the person having a day-to-day control over the prisoner. That person is the only one who can produce 'the body' of the petitioner." *Guerra v. Meese*, 786 F.2d 414, 416 (D.C.Cir.1986) (Parole Commission is not custodian despite its power to release petitioner).

At the time Brittingham filed his petition, he was in custody in Alameda County Jail, a California State facility used for the detention of federal prisoners until their assignment to a federal prison by the Bureau of Prisons ("BOP"). Brittingham's custodian, within the meaning of the habeas corpus statute, was the warden of the facility where he was confined. *Id.;* *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir.1989) (warden is custodian for purposes of habeas corpus petition challenging execution of sentence).

**380**

The U.S. Marshal for the District of Hawaii had been responsible for transporting Brittingham to California. Whether the same marshal would later transfer the prisoner to the BOP for confinement pursuant to his sentence is a question not now before us. In any event, the U.S. Marshal did not have "day-to-day control" over Brittingham and, for the purposes of a habeas corpus petition, does not qualify as Brittingham's custodian. *See Rheuark v. Wade*, 608 F.2d 304, 306 (8th Cir.1979) (U.S. Marshal, who transported petitioner from prison to appear as witness in civil case, not custodian).

AFFIRMED.