Jerry F. STANLEY, Petitioner–Appellant,

v.

CALIFORNIA SUPREME COURT, et al., Respondents–Appellees.

No. 92–16497.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 10, 1994.

Decided April 12, 1994.

As Amended May 18, 1994.

J. Frank McCabe, Goorjian & McCabe, San Francisco, CA, for petitioner-appellant.

William G. Prahl, Deputy Atty. Gen., Sacramento, CA, for respondents-appellees.

Before: TANG, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.

### ORDER

Jerry Stanley was convicted in California state court in 1984 for the murder of his wife and was sentenced to death. He has appealed the conviction to the California Supreme Court, where his appeal is still pending.

### I

On January 11, 1990, Stanley filed a petition for writ of habeas corpus in the United States District Court for the Northern District of California, alleging that his appointed counsel was representing him in the California appeal under a conflict of interest and had attempted to extort money from him. Stanley's petition later was transferred by order under 28 U.S.C. § 2241(d) to the United States District Court for the Eastern District of California.

In his habeas petition, Stanley named the Supreme Court of California, the California Public Defender, and attorney Mike Pescetta as the respondents, none of whom were served. On February 6, 1992, a federal magistrate judge ordered the Federal Public Defender to report on the status of the petition

and on whether Stanley had secured representation.

On February 18, 1992, Stanley filed a second petition for habeas corpus, which the magistrate judge deemed to be an amendment of the first petition. There Stanley alleged that a new attorney, Frank Hagie, had been appointed to represent him in his state appeal. According to Stanley, Hagie had stolen property from him relating to his state appeal and had stated that he will not work on his appeal effectively. Stanley also alleged that his family had threatened the lives of Hagie and Hagie's family in response to these actions. The second petition named only the California Supreme Court and Frank Hagie as respondents. Again, neither respondent was served.

On February 24, 1992, the Federal Public Defender submitted its status report which stated that Stanley's direct appeal of his conviction was still pending before the California Supreme Court and as of that time, no counsel had been appointed to assist him with his federal petition. The magistrate judge thereupon recommended that the district court dismiss Stanley's petition. On June 2, 1992, the district court adopted the magistrate judge's findings and recommendations and dismissed the petition on abstention grounds citing *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

On August 21, 1992, the district court issued a certificate of probable cause and a pro se notice of appeal was filed timely. On December 8, 1992, this court appointed J. Frank McCabe [1] to represent Stanley in this appeal which is listed on this court's death penalty case docket.

## II

A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition. 28 foll. U.S.C. § 2254 Rule 2(a). This person typically is the warden of the facility in which the petitioner is incarcerated. *Brittingham v. United States,* 982 F.2d 378, 379 (9th

Cir.1992). Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction. *Id.; Dunne v. Henman,* 875 F.2d 244, 249 (9th Cir.1989).

Neither of Stanley's two petitions named his custodian as a respondent and therefore the district court lacked jurisdiction. For this reason, we vacate its dismissal and remand with instructions to dismiss for lack of jurisdiction unless Stanley can timely amend his petition to name the correct party as respondent and can demonstrate that his claims regarding the ineffectiveness and misconduct of his state appellate counsel are ripe for federal habeas review. *See Sherwood v. Tomkins,* 716 F.2d 632 (9th Cir.1983). Regarding the latter point, we have grave doubt that petitioner can demonstrate ripeness so long as the direct appeal remains pending in the California Supreme Court. *Id.* We also note that, even if that court were to affirm Stanley's appeal, he still will be free to allege ineffectiveness of appellate counsel in a state petition for habeas corpus. *See Tacho v. Martinez,* 862 F.2d 1376, 1381 (9th Cir.1988); *see, e.g., People v. Harris,* 19 Cal.App.4th 709, 23 Cal.Rptr.2d 586 (1993).

VACATED and REMANDED with instructions to dismiss for lack of jurisdiction.

---

1. We suggest that the district court consider appointing J. Frank McCabe to represent Stanley upon remand.