29 F.3d 632
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Theodore C. KULAS, Petitioner-Appellant,
v.
Howard HANTMAN, Hon.; the Attorney General of the State of
Arizona, Respondents-Appellees.
 No. 93-16779.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided June 16, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Theodore C. Kulas, an Arizona state prisoner appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 habeas petition for failure to exhaust state remedies. Kulas was convicted by the Arizona Superior Court for various narcotics offenses on September 2, 1993. We review de novo, Henry v. Estelle, 993 F.2d 1423, 1425 (9th Cir.1993), and vacate and remand with instructions to dismiss for lack of jurisdiction.
 
 
 3
 A habeas petitioner must name the state officer having custody of the petitioner as the respondent in his 28 U.S.C. Sec. 2254 petition. Rule 2(a), Rules Governing Section 2254 Cases, 28 U.S.C. foll. Sec. 2254; Stanley v. California Supreme Court, No. 92-16497, slip op. 5167, 5170 (9th Cir. May 18, 1994). Generally, the proper respondent is the warden of the facility in which the petitioner is incarcerated. Stanley, slip op. at 5170; Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.1992) (per curiam). "Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction." Stanley, slip op. at 5170.
 
 
 4
 Here, the district court lacked jurisdiction because Kulas failed to name his custodian as a respondent. See id. Accordingly, we vacate the district court's judgment and remand with instructions to dismiss for lack of jurisdiction unless Kulas can timely amend his petition to name the correct party as respondent and can demonstrate that he has exhausted his state remedies. See id.; Rose v. Lundy, 455 U.S. 509, 516 (1982) (explaining that state prisoner must exhaust all available state remedies before federal court may consider merits of petition).[1]
 
 
 5
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Kulas' request for oral argument is denied. Furthermore, all other outstanding motions are denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 It is unlikely that Kulas can demonstrate that he has exhausted state remedies since his direct appeal was still pending with the Arizona Court of Appeals in December 1993. Even if the appellate court has ruled on his appeal, Kulas would then have to present his claims to the Arizona Supreme Court in order to exhaust his state remedies. See Henry v. Estelle, 993 F.2d 1423, 1425 (9th Cir.1993). Although, Kulas filed a habeas petition with the Arizona Supreme Court on February 26, 1993, he did not raise the issues presented in his federal habeas petition