50 F.3d 14
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Howard E. HUGHES, Petitioner-Appellant,
v.
STATE OF NEVADA; Attorney General of Nevada, Respondents-Appellees.
 No. 94-15863.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 7, 1995.*
Decided March 13, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Howard E. Hughes, a Nevada state prisoner, appeals the district court's dismissal on the merits of his 28 U.S.C. Sec. 2254 habeas petition. Hughes contends that the district court applied an erroneous standard in considering his ineffective assistance of counsel claim and that the district court's findings of fact are insufficient to support the court's conclusions of law. We vacate and remand with instructions to dismiss for lack of personal jurisdiction.
 
 
 3
 "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir.1994) (order dismissing for lack of jurisdiction); Rule 2(a), 28 U.S.C. foll. Sec. 2254. The proper respondent is typically the warden of the facility in which the petitioner is incarcerated. Id.; Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.1992) (per curiam). "Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction." Stanley, 21 F.3d at 360.
 
 
 4
 In his habeas petition, Hughes named the State of Nevada and the Attorney General of Nevada as the sole respondents. Since neither of these parties is Hughes' immediate custodian, the district court lacked jurisdiction to consider Hughes' Sec. 2254 petition. See Rule 2(a), 28 U.S.C. foll. Sec. 2254; Stanley, 21 F.3d at 360. Accordingly, we vacate the district court's dismissal and remand with instructions to dismiss for lack of jurisdiction unless Hughes can timely amend his petition to name the correct party as respondent. See Stanley, 21 F.3d at 360.
 
 
 5
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3