61 F.3d 909
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Danny BOYD, Petitioner-Appellant,
v.
STATE of OREGON; Marion County Circuit Courthouse,
Respondents-Appellees.
 No. 94-35875.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 17, 1995.*
Decided July 20, 1995.
 
 Appeal from the United States District Court for the District of Oregon, No. CV-93-01268-MFM; Malcolm F. Marsh, District Judge, Presiding.
 D.Or.
 Vacated and Remanded.
 Before: FLETCHER, KOZINSKI, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Danny Boyd, an Oregon state prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 habeas petition challenging his conviction for assault in the fourth degree. Boyd contends that the district court erred by according a presumption of correctness to the state post-conviction court's findings of fact as to petitioner's constitutional claims. He also contends that the district court abused its discretion by denying Boyd's request for an evidentiary hearing. We vacate and remand with instructions to dismiss for lack of personal jurisdiction.
 
 
 3
 "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (order dismissing for lack of jurisdiction); Rule 2(a), 28 U.S.C. foll. Sec. 2254. The proper respondent is typically the warden of the facility in which the petitioner is incarcerated. Stanley, 21 F.3d at 360; Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam). "Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction." Stanley, 21 F.3d at 360.
 
 
 4
 Here, Boyd named the State of Oregon and the Marion County Circuit Courthouse as the sole respondents to his Sec. 2254 habeas petition. Since the State of Oregon is not Boyd's immediate custodian, the district court lacked jurisdiction to consider his Sec. 2254 habeas petition. See Rule 2(a), 28 U.S.C. foll. Sec. 2254; Stanley, 21 F.3d at 360. Accordingly, we vacate the district court's dismissal and remand with instructions to dismiss for lack of jurisdiction unless Boyd can timely amend his petition to name the correct party as the respondent. See Stanley, 21 F.3d at 360.[1]
 
 
 5
 VACATE AND REMAND.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Boyd filed a second motion for an extension of time to file a reply brief on June 13, 1995. Boyd's motion is denied