78 F.3d 595
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jack Jarvis BRYAN, Defendant-Appellant.
 No. 95-15840.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 16, 1996.*
Decided Feb. 28, 1996.
 
 Before: SCHROEDER, D.W. NELSON, and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jack Jarvis Bryan appeals the district court's denial of his motion for bond-time credit pursuant to 18 U.S.C. § 3568.[1] He argues that the restrictions placed upon him while on bond were so oppressive as to constitute time in custody and thus, that this time should be credited toward service of his sentence. Because Bryan's motion challenges the execution of his sentence, the district court properly construed it as a petition for writ of habeas corpus under 28 U.S.C. § 2241.[2] See United States v. Giddings, 740 F.2d 770, 771-72 (9th Cir.1984).
 
 
 3
 The proper respondent in a § 2241 petition is the prisoner's warden. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.1992). In order for the district court to have in personam jurisdiction over a prisoner's warden, the prisoner must file his petition in the district court whose territorial limits include his place of confinement. Dunne v. Henman, 875 F.2d 244, 249-50 (9th Cir.1989). Because Bryan is currently incarcerated in Dallas, Texas, he should have filed this petition with the district court in the Northern District of Texas. The district court did not have jurisdiction over his motion and we therefore remand for dismissal without prejudice.
 
 
 
 *
 The court finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Prior to its repeal, effective November 1, 1986, 18 U.S.C. § 3568 provided in relevant part:
 The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such a person is received at the penitentiary, reformatory or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed.
 
 
 [2]
 28 U.S.C. § 2241 provides in relevant part:
 (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had.