91 F.3d 153
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Leland NEELEY, Petitioner-Appellant,
v.
CALIFORNIA STATE DEPARTMENT OF CORRECTIONS; Daniel E.
Lungren, Attorney General, Respondents-Appellees.
 No. 95-16143.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1996.*
Decided June 28, 1996.
 
 Before: NOONAN, LEAVY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California prisoner John Leland Neeley appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition for habeas corpus. We vacate and remand with instructions to dismiss for lack of jurisdiction.
 
 
 3
 A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. See Ortiz-Sandoval v. Gomez, No. 94-16337, slip op. 5611, at 5617 (9th Cir. May 8, 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir.1994) (per curiam); Rule 2(a), Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254. Typically, this is the warden of the facility where the petitioner is incarcerated, see Ortiz-Sandoval, No. 94-16337, slip op. at 5617; Stanley, 21 F.3d at 360, but it may also be the chief officer in charge of state penal institutions. See Ortiz-Sandoval, No. 94-16337, slip op. at 5617; Rule 2(a), 28 U.S.C. foll. § 2254, advisory committee note. Failure to name the correct respondent deprives federal courts of personal jurisdiction. See Ortiz-Sandoval, No. 94-16337, slip op. at 5617; Stanley, 21 F.3d at 360.
 
 
 4
 At the time he filed his petition, Neeley was incarcerated at Mule Creek State Prison.[1] Neeley named the California State Department of Corrections and the Attorney General of California as the respondents in his § 2254 petition. Because neither of these parties could be considered the person having custody of Neeley at the time he filed his petition, the district court lacked jurisdiction to entertain the petition. See Ortiz-Sandoval, No. 94-16337, slip op. at 5617; Stanley, 21 F.3d at 360.
 
 
 5
 Accordingly, we vacate the district court's denial and remand with instructions to dismiss for lack of jurisdiction unless Neeley can timely file an amended petition naming the correct party as a respondent. See Stanley, 21 F.3d at 360.
 
 
 6
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Neeley is currently an inmate at the Deuel Vocational Institute