97 F.3d 1458
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David Leonard BAKER, Petitioner-Appellant,
v.
ATTORNEY GENERAL OF the STATE OF CALIFORNIA, Respondent-Appellee.
 No. 95-16686.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 23, 1996.**
Decided Sept. 27, 1996.
 
 1
 Before: CANBY and FERNANDEZ, Circuit Judges, and JONES* District Judge.
 
 ORDER
 
 2
 Petitioner David Leonard Baker, a California state prison inmate proceeding pro se, appeals the district court's dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.
 
 
 3
 Baker's petitions for habeas corpus to the California Supreme Court were denied pursuant to Ex parte Swain, 209 P.2d 793, 796 (Cal.1949) (petitioner must "allege with particularity the facts upon which he would have a final judgment overturned"), cert. denied, 338 U.S. 944 (1950), and Ex parte Miller, 112 P.2d 10 (Cal.1941) (per curiam) (state supreme court will not review second habeas petition based on same grounds as first petition unless there is a change in the facts or the law). A denial of relief under Ex parte Swain is without prejudice to the filing of a new state court petition that meets the requirements of particularity. Swain, 209 P.2d at 796. The federal district court for the Eastern District of California therefore dismissed Baker's petition for writ of habeas corpus because Baker had failed to exhaust his state remedies. See Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir.1986) (exhaustion requirement not met unless federal claims have been fairly presented to state courts).
 
 
 4
 In Baker's federal habeas petition, he named the Attorney General of the State of California as respondent. It is not clear from the record that the Attorney General was served. Respondent has not appeared in either the district court proceeding or in the appeal to this Court.
 
 
 5
 Baker "must name the state officer having custody of him ... as the respondent to the petition" for habeas corpus relief. Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir.1994) (emphasis added); see also Rules Governing Section 2254 Cases in the United States District Court 2(a) ("[T]he state officer having custody of the applicant shall be named as respondent."). Typically, this person would be the warden of the prison in which Baker is incarcerated. Stanley, 21 F.3d at 360. "Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction." Id.
 
 
 6
 Baker's petition did not name his custodian as a respondent, and therefore the district court lacked jurisdiction. For this reason, we vacate the district court's dismissal of Baker's petition for writ of habeas corpus. We remand with instructions to dismiss for lack of jurisdiction unless Baker can timely amend his petition to name the correct party as respondent. See id.
 
 
 7
 VACATED and REMANDED with instructions to dismiss for lack of jurisdiction.
 
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 *
 The Honorable Robert E. Jones, United States District Judge for the District of Oregon, sitting by designation