**Ned Preston DELANCEY, Petitioner,**

v.

**Joseph CRABTREE, Warden, Federal Correctional Institution, Sheridan, Oregon, Edward F. Reilly, Chairman, United States Parole Commission, Respondents.**

**Civil No. CV 96–1837–HA.**

United States District Court,
D. Oregon.

Feb. 24, 1997.

Stephen R. Sady, Chief Deputy Federal Public Defender, Wendy Rae Willis, Asst. Federal Public Defender, Portland, OR, for Petitioner.

Kristine Olson, U.S. Atty., D. Oregon, Kenneth C. Bauman, Asst. U.S. Atty., Portland, OR, for Respondents.

.OPINION

HAGGERTY, District Judge:

The petitioner, Ned Preston Delancey, is an inmate at the Federal Correctional Facility at Sheridan, Oregon. The respondent, Joseph H. Crabtree, is the warden of the Federal Correctional Institute at Sheridan, Oregon and is inmate Delancey's custodian and the proper respondent in this action. Fed.R.Civ.P. 81(a)(2); *Brittingham v. United States,* 982 F.2d 378, 379 (9th Cir.1992). Delancey filed a habeas corpus petition alleging that his statutory ·and due process rights were violated by the decision of the United States Parole Commission ("Commission") to exclude him from eligibility for a sentence reduction notwithstanding his successful completion of a residential substance abuse treatment program under 18 U.S.C. § 3621(e).

Delancey filed his petition seeking relief on the merits. In addition, he filed a motion seeking immediate release because with the one-year reduction he would have been released to date. The court denied Delancey's Motion For Immediate Release. For the reasons that follow, Delancey's petition for a Writ of Habeas Corpus is DENIED.

## BACKGROUND

Delancey is serving a 60–month sentence at·FCI Sheridan for a violation of special parole following his conviction for distribution of cocaine base in violation of 18 U.S.C. § 841(a)(1). He entered the Bureau of Prisons' ("BOP") 500–hour treatment program authorized by 18 U.S.C. § 3621(e) on May 11, 1995; and he completed the treatment program on June 4, 1996. Delancey entered the treatment program notwithstanding the BOP had made no determination concerning his eligibility for a sentence reduction.

On September 25, 1995, the BOP deemed Delancey eligible for the one-year sentence reduction pursuant to the BOP Policy Statement 5162.02 and 18 U.S.C. § 3621(e). Despite that determination, the BOP deferred to the Commission to determine Delancey's eligibility for the sentence reduction on the ground that he was serving a pre-guideline sentence. See 28 C.F.R. § 550.58; Program

Statement 5330.10, 6.1.3 (May 25, 1995). Pursuant to regulation and policy, the BOP forwarded Delancey's request for a section 3621(e) reduction to the Commission. On July 17, 1996, the Commission denied Delancey's request for a sentence reduction based on insufficient evidence in his file to indicate that drug addiction motivated his criminal behavior.

## DISCUSSION

■ Delancey requests that he be granted a one-year sentence reduction. He contends that it was error for the BOP to defer the decision of eligibility for the sentence reduction to the Commission. Delancey insists that he meets the statutory criteria for the sentence reduction; namely, he was convicted of a nonviolent offense, he was diagnosed by the BOP as having a treatable condition of substance addiction and he successfully completed the residential drug treatment program. Further, the BOP's practice is to grant the one-year sentence reduction for any person that meets the statutory criteria.

The government argues that 18 U.S.C. § 3621 does not apply to inmates who are serving non-guidelines sentences. Rather, the government contends that the Commission alone has discretion to reduce or refuse to reduce an inmate's parole revocation sentence based on his successful completion of the treatment program. Because the Commission properly exercised that discretion in this case and declined to grant Delancey the sentence reduction, his petition must be denied.

The issue for the court is whether by enacting 18 U.S.C. § 3621(e), Congress intended that the BOP would have exclusive authority over all prisoners to administer the drug treatment program and to determine eligibility for early release; thereby usurping the authority of the Commission to determine the presumptive parole date as to pre-guidelines prisoners that completed the rehabilitation program.

In November 1994, Congress enacted the Violent Crime Control and Law Enforcement Act of 1994 ("VCCLEA"), and required that the BOP "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). The VCCLEA also includes a provision by which federal prisoners who successfully completed a residential drug abuse treatment program may have their sentences reduced by up to one year if they were convicted of a nonviolent offense. 18 U.S.C. § 3621(e)(2). Specifically, section 3621(e)(2)(B) states, in part, that: "The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C. § 3621(e)(2)(B). Following the enactment of the VCCLEA, the BOP promulgated regulations, called Program Statements, to implement the provisions of § 3621 in a uniform manner.

Delancey does not cite any authority or legislative history for his position that, when Congress enacted section 3621(e), it intended to authorize the BOP to make early release determinations for pre-guidelines prisoners as well as prisoners sentenced under the guidelines. It is the view of the court that the decision whether to reduce the sentence of a pre-guidelines prisoner remains solely within the discretion of the Commission and the enactment of 18 U.S.C. § 3621(e) did not divest the Commission of that authority as to certain prisoners.

It is well-established that the Commission has the power to modify a pre-guidelines sentence depending on the prisoner's conduct during his term of incarceration. Under the Parole Commission and Reorganization Act of 1976, 18 U.S.C. §§ 4201–4218, Congress vested the Commission with express discretionary authority to grant or deny parole. 18 U.S.C. § 4203(b)(1). Section 4203(b) expressly provides that the Commission shall have the power to "grant or deny an application or recommendation to parole any eligible prisoner." 18 U.S.C. § 4203(b)(2). There is simply no authority cited by Delancey, or that the court was able to find, to support the contention that Congress intended section 3621(e) to override the Parole Commission Reorganization Act as to certain prisoners.

Additionally, the government sets forth in its brief compelling reasons to distinguish pre-guidelines prisoners from prisoners sentenced under the guidelines with respect to section 3621(e). For example, the incentive of section 3621(e) is particularly important to prisoners serving guidelines sentences because they do not have the incentive of early release on parole. In contrast, prisoners in Delancey's position are eligible for early release on parole or early release pursuant to a "good time" scheme. Further, the Commission's regulations provide that a pre-guidelines prisoner release date may be advanced upon completion of the 500-hour drug and alcohol treatment program under the Commission's superior program achievement advancement scheme. *See* 28 C.F.R. § 2.60. Thus, pre-guidelines prisoners are not denied a benefit available to prisoners sentenced under the guidelines.

■ Finally, Delancey argues that the Commission violated the basic doctrines of retroactivity when it applied 28 C.F.R. § 2.60 to determine he was ineligible for early release. According to Delancey that regulation, effective March 7, 1996, is more restrictive in granting early release than the rule in effect at the time he began his participation and substantially completed the program.

This court has considered previously a similar retroactivity argument and ruled that the determination regarding a prisoner's eligibility for the sentence reduction is made at the time the prisoner completes the program. Indeed, successful completion of the treatment program is a prerequisite to eligibility for a reduction of the prisoner's sentence. Even then the BOP, or the Commission, is not compelled to reduce the prisoner's sentence. In this case, 28 C.F.R. § 2.60 was promulgated prior to Delancey completing the 500-hour program and the doctrine of retroactivity was not violated.

### CONCLUSION

Based on the foregoing, Delancey's petition for a Writ of Habeas Corpus is DENIED.