139 F.3d 910
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
H. Homer WILSON, Petitioner-Appellant,
v.
PEOPLE of the State of California, Respondent-Appellee.
 No. 96-56600.
D.C. No. CV-96-00586.
 United States Court of Appeals, Ninth Circuit.
 Submitted February 9, 1998.**
Decided Feb. 19, 1998.
 
 Appeal from the United States District Court for the Central District of California Ronald S.W. Lew, District Judge, Presiding.
 Before PREGERSON, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 H. Homer Wilson, a former California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his 1993 jury conviction for sale of unqualified securities. We vacate and remand with instructions to dismiss for lack of personal jurisdiction.
 
 
 3
 "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir.1994); Rule 2(a), 28 U.S.C. foll. § 2254. Where the petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or the state correctional agency. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir.1996); Rule 2(b), 28 U.S.C. foll. § 2254 advisory committee's note. "Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction." Stanley, 21 F.3d at 360.
 
 
 4
 In his habeas petition, Wilson named the People of the State of California as the sole respondent. Because this party is not the officer with present custody over Wilson, the district court lacked personal jurisdiction to consider Wilson's section 2254 petition. See id.; Rule 2(b), 28 U.S.C. foll. § 2254. Accordingly, we vacate the district court's dismissal and remand with instructions to dismiss for lack of jurisdiction unless Wilson can timely amend his petition to name the correct parties as respondents. See Stanley, 21 F.3d at 360.
 
 
 5
 VACATED and REMANDED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3