**Jolly SANTIAGO, Plaintiff,**

**v.**

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Defendant.**

**No. C–00–4737 VRW.**

United States District Court, N.D. California.

March 26, 2001.

Crisostomo G. Ibarra, Law Offices of Crisostomo G. Ibarra, San Francisco, CA, for planitiff.

## ORDER

WALKER, District Judge.

Petitioner seeks a stay of his deportation to the Philippines. For the reasons that follow, the petition is DISMISSED without prejudice.

### I

Petitioner entered the United States as a crewman on or about March 22, 1991. Petitioner had permission to stay 29 days but he remained longer. On September 24, 1992, petitioner filed an application for political asylum. The application was denied on March 24, 1994.

On August 23, 1994, petitioner was convicted of committing a lewd act with a child and of sodomy with a person under the age of 14, in violation of California Penal Code sections 288(A) and 286(C), respectively. The Immigration and Naturalization Services (INS) issued petitioner a Notice to Appear (NTA) on June 6, 1998, based on his conviction of an aggravated felony and his overstay. On August 24, 1998, petitioner was ordered removed. That decision became final when petitioner waived an appeal.

Petitioner filed a motion to reconsider his removal order on September 1, 1998. The motion was denied by the immigration judge on September 3, 1998. That day, petitioner filed an emergency stay application with the Ninth Circuit. The applica-

tion was denied for lack of jurisdiction. Petitioner also appealed the immigration judge's decision to the Board of Immigration Appeals (BIA). The BIA dismissed the appeal on December 18, 1998. That day, petitioner filed another petition for review with the Ninth Circuit. This petition was also dismissed for lack of jurisdiction.

On December 20, 2000, petitioner filed this petition in the Northern District of California. At that time, petitioner was in custody at the Columbia Care Center in Columbia, South Carolina. Petitioner had been transferred to Columbia for dialysis treatment made necessary by kidney failure. Petitioner remains at the Columbia Center and continues to need dialysis treatment. Unless petitioner obtains a kidney transplant, he will require dialysis treatment for the remainder of his life. If he does not receive treatment he will likely die within 14 days of cessation of treatment.

Petitioner requests "a discretionary stay of removal based on humanitarian grounds." Petition (Doc # 1) at 3.

## II

A writ of habeas corpus "shall be directed to the person having custody of the person detained." 28 U.S.C. § 2243. Petitioner is in custody in Columbia, South Carolina. This facility is within the jurisdiction of the INS office in Atlanta, Georgia. But rather than name the district director for the Atlanta district, petitioner has named the United States INS as the respondent in this action.

Petitioner argues that he has several custodians, the district director for Atlanta, the Attorney General and the Commissioner of the INS. Even if petitioner were correct, this petition would have be dismissed for failure to name any of these three individuals. Furthermore, the court concludes that barring unusual circumstances, which petitioner has not alleged, the proper respondent in a petition for habeas corpus is the district director having control over the facility in which the petitioner is held.

■ The proper respondent in a habeas case brought by an alien in INS custody has not been addressed by the Ninth Circuit, but it has been considered by a number of other courts. While these courts have split, this court finds the approach taken by the First Circuit Court of Appeals to be persuasive. In *Vasquez v. Reno*, 233 F.3d 688 (1st Cir.2000), the court considered and rejected petitioner's argument that the Attorney General was a proper respondent, holding instead that petitions must be brought against the district director for the district in which the petitioner is held.

The *Vasquez* court listed three reasons for its decision. First, finding the Attorney General to be a proper respondent would be inconsistent with numerous cases finding prison wardens, not the Attorney General, to be the proper respondent in habeas petitions brought by prisoners. Id. at 693. One of the cases relied on by the court was *Brittingham v. United States*, 982 F.2d 378 (9th Cir.1992).

The second reason was that the text of 28 U.S.C. § 2243 refers to "the person having custody of the person detained," implying that only one person may be named respondent. Finally, the court relied on another provision of section 2243, which states that the respondent is "required to produce at the hearing the body of the person detained." 28 U.S.C. § 2243. The *Vasquez* court concluded that the person best able to perform this function is the person who has immediate control over the petitioner, the district director. *Vasquez*, 233 F.3d at 693.

The *Vasquez* court allowed that in unusual circumstances the Attorney General

might be a proper respondent. For instance, if the location of the custodial facility were unknown or if the INS frequently moved petitioner to manipulate jurisdiction, then suit against the Attorney General would be permissible. Id. at 696.

The court finds the *Vasquez* court's reasoning to be persuasive. For that reason, the court declines to follow the decisions of the Eastern District of New York cited by petitioner. See, e. g., *Mojica v. Reno*, 970 F.Supp. 130 (E.D.N.Y.1997); *Nwankwo v. Reno*, 828 F.Supp. 171 (E.D.N.Y.1993). The court's conclusion is supported by the decision of another judge in the Northern District of California who also concluded that the proper respondent in an immigration habeas case is the district director for the district in which the petitioner is held. *Cabarle v. de More*, 2000 WL 1585265 (N.D.Cal.2000).

Applying *Vasquez*, the court determines that the petition before the court must name the district director for the Atlanta district. Petitioner has not alleged the unusual circumstances that would justify suit against the Attorney General. Consequently, the petition before the court must be dismissed for failure to name the proper respondent. Petitioner should re-file his petition naming that director as respondent.

The amended petition, however, should not be filed in the Northern District of California. Personal jurisdiction over the district director of Atlanta is unavailable in this district unless jurisdiction is conferred by California's long arm statute. Cal. Civ. Proc. Code § 410.10. Despite the broad reach of that statute ("any basis not inconsistent with the Constitution of this state or of the United States"), there appears to be no basis for jurisdiction in this court. Petitioner's sole argument that the personal jurisdiction requirements had been met in this case was that the Attorney General was a proper respondent. In light of the court's determination that the Attorney General is not a proper respondent, that argument must fail.

The petition for a writ of habeas corpus (Doc # 1) is DENIED without prejudice. The clerk is directed to close the file and terminate all pending motions.

IT IS SO ORDERED.