**Michael Howard HUNTER, Petitioner–Appellant,**

v.

**U.S. MARSHAL SERVICE, Respondent–Appellee.**

No. 02–35525.

D.C. No. CV–01–00945–BJR.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 11, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Petitioner's request for oral argument is denied.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

### MEMORANDUM **

Michael Howard Hunter appeals pro se the district court's dismissal as moot of his 28 U.S.C. § 2241 habeas petition challenging his pretrial detention on charges of making threats against the President. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's dismissal as moot.

Hunter contends that invalid prior convictions were used as a pretext for the pretrial detention and seeks habeas relief from these "collateral consequences" in the form of dismissal. Because the federal charges against Hunter forming the basis of this petition were dismissed and he is no longer in the custody of the U.S. Marshal's Service in the Western District of Washington, we lack the ability to remedy his grievance. *See Stanley v. California Supreme Court,* 21 F.3d 359, 360 (9th Cir. 1994) (stating that "[f]ailure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction."); *see also Munoz v. Rowland,* 104 F.3d 1096, 1097–98 (9th Cir.1997) (dismissing petition where court of appeals could not provide the primary relief sought habeas petition). Accordingly, the district court's dismissal as moot was proper.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.