UNITED STATES, Appellant

v

RONALD A. ALETKY, Specialist Five, U. S. Army, Appellee

16 USCMA 536, 37 CMR 156

No. 19,833

March 3, 1967

*Captain L. Dean Moore* argued the cause for Appellant, United States. With him on the brief were *Colonel Peter S. Wondolowski* and *Lieutenant Colonel David Rarick.*

*Edward J. Bellen, Esquire,* argued the cause for Appellee, Accused. With him on the brief were *Colonel Daniel T. Ghent, Captain Frank J. Martin, Jr.,* and *Captain Thomas R. Spradlin.*

### Opinion of the Court

FERGUSON, Judge:

Tried by general court-martial, the accused was found guilty of wrongful appropriation, in violation of Uniform Code of Military Justice, Article 121, 10 USC § 921, and bad check offenses, in violation of Code, supra, Article 123a, 10 USC § 923a. He was sentenced to bad-conduct discharge, partial forfeitures, confinement at hard labor for six months, and reduction. The convening authority approved the sentence. The board of review reversed and ordered a rehearing, whereupon the Judge Advocate General, United States Army, certified the propriety of its decision to this Court.

On oral argument, we were informed the accused has since been tried by court-martial for another offense; convicted; sentenced, among other things, to a punitive discharge; and that discharge executed, without appellate proceedings in this Court.

536

Examination of the board of review opinion leaves us in substantial doubt whether it acted on the basis of its legal or fact-finding powers. Cf. United States v Bedgood, 12 USCMA 16, 30 CMR 16. The question involved was whether the law officer erred in failing to instruct the court-martial that usury was a defense to charges of writing bad checks and wrongful appropriation arising out of giving such checks in connection with loans allegedly made to the accused. The board concluded usury was such a defense and reversed as to all charges and specifications. Yet, instructions to that effect were in fact given by the law officer as to the bad check offenses, albeit not with regard to the charge of wrongful appropriation. At the same time, the board found the verdict of the court-martial incorrect *in fact* as well as in law. Cf. United States v Bedgood, supra, and United States v Gilley, 14 USCMA 226, 34 CMR 6.

Thus, we are asked to decide the correctness of a decision by the board of review, the basis of which is at best doubtful and in which, as accused has now been separated from the service because of other proceedings, there is no probability of a rehearing or the execution of any punishment. Cf. United States v Moreno, 6 USCMA 388, 20 CMR 104. Under these peculiar facts, we consider the inquiry academic and, accordingly, decline answer to the certified question. Compare United States v Gilley, supra.

The certificate is ordered dismissed.

Chief Judge QUINN and Judge KILDAY concur.