UNITED STATES, Appellant

v

GEORGE W. McIVOR, Chief Warrant Officer, U. S. Army, Appellee

21 USCMA 156, 44 CMR 210

No. 24,374

January 14, 1972

Captain R. Craig Lawrence argued the cause for Appellant, United States. With him on the brief were Colonel David T. Bryant, Lieutenant Colonel Ronald M. Holdaway, and Captain David E. Wilson.

Captain Richard A. Cooper argued the cause for Appellee, Accused. With him on the brief were Colonel George J. McCartin, Jr., and Captain Norman L. Blumenfeld.

Opinion of the Court

DARDEN, Chief Judge:

Pursuant to a guilty plea a general court-martial convicted the appellee of failure to repair and of an unauthorized absence. These convictions remain in force. Warrant Officer McIvor was also found guilty of willful disobedience, disrespect, and failure to obey, despite his pleading not guilty to these offenses. An Army Court of Military Review set aside and dismissed the latter offenses and the entire sentence. The Acting Judge Advocate General of the Army certified two issues:

(1) Was the Court of Military Review correct in holding that under the facts of this case counsel's specific disclaimer of inconsistent participation by all counsel named in the convening orders did not constitute "evidence to the contrary" sufficient to overcome the presumption that counsel detailed in a capacity has acted in that capacity?

If the first issue is answered in the affirmative:

(2) Was the Court of Military Review correct in declining to accept affidavits of counsel as an appropriate method of determining possible inconsistent activity?

All charges were originally referred to trial by Court-Martial Convening

156

Order Number 2, Headquarters III Corps and Fort Hood, dated February 16, 1970. Captain Howell was detailed as defense counsel and Captain Graybill was detailed assistant defense counsel. Captain Deusner was named as trial counsel. Charges were re-referred and the case was tried, however, under Court-Martial Convening Order Number 15, same Headquarters, dated May 25, 1970. Under this order, Captains Howell and Graybill were detailed as trial and assistant trial counsel, and Captain Deusner was designated an assistant defense counsel. During trial, Captain Graybill functioned as trial counsel; Captain Howell did not participate. The appellee was defended by Mr. Baldwin, a civilian attorney, and by Captain Buhler, selected as individual military counsel. All counsel detailed to the defense on the second convening order, including Captain Deusner, were specifically excused by Warrant Officer McIvor. Moreover, at the start of trial, individual counsel declared that no member of the defense had acted as the accuser, member of the prosecution, investigating officer, military judge, or court member. Captain Graybill had earlier announced that no member of the prosecution had acted in any other capacity in this case.

Before the Court of Military Review, counsel for the appellee contended that the military judge had prejudicially erred in not conducting an inquiry to determine whether counsel whose roles had been reversed by the second order had acted in the status to which they were first detailed. Appellate Government counsel moved to file affidavits of Captains Deusner and Howell in which both disclaim having acted in any capacity in the case.

Citing United States v Paroz, 43 CMR 685 (ACMR 1971), the Court of Military Review refused to consider either document. In Paroz, the Court of Military Review held that the issue of possible inconsistent functioning by counsel should have been resolved at the trial level, and the Court refused to consider affidavits on this subject.

In the instant case, since Captains Howell and Deusner were absent, the Court considered Captain Graybill's statement adequate only as to him in overcoming the presumption established by paragraph 6a, Manual for Courts-Martial, United States, 1969 (Revised edition), that:

". . . In the absence of evidence to the contrary, a person who, between the time the case has been referred for trial and the trial, has been a detailed counsel or assistant counsel of the court to which the case has been referred, shall be deemed to have acted as a member of the prosecution or the defense, as the case may be." [See also Article 27(a), Uniform Code of Military Justice, 10 USC § 827.]

Noting that a hearing at the trial level would normally be required to determine the extent, if any, of Captain Deusner's and Captain Howell's participation in inconsistent roles, the Court of Military Review decided that prejudice could be abated by dismissing the charges to which the appellee had pleaded not guilty and by setting aside the sentence. That action resulted in a conviction (of the remaining offenses) without a sentence.

Appellate defense counsel now take the position that the Court of Military Review considered the in-court assertions of counsel as evidence on the issue of inconsistent participation of all counsel and found that evidence insufficient to rebut the presumption as to those counsel not present in court. Counsel remind us that a factual determination is binding on this Court unless the Court of Military Review acted arbitrarily or capriciously.

In Paroz, supra, the Court of Military Review held that the standard disclaimer applies only to counsel serving as members of the prosecution or the defense who are present in court at the time of trial. As to persons not present at the trial who may earlier have been detailed as counsel by superseded orders, the Paroz opinion imposes a duty on a counsel to investigate when it appears from a study of

all documents regarding the detail of counsel that one or more counsel may have acted in an inconsistent capacity. If the investigating counsel states he has ascertained that the counsel in question has not acted in an inconsistent role and the statement is not contested by the accused, the *Paroz* opinion proposes to accept the statement as an adequate showing of no disqualification because of prior participation.

The limits the *Paroz* opinion places on disclaimers by counsel are more restrictive than our opinion in United States v Coleman, 19 USCMA 524, 526, 42 CMR 126 (1970), where we indicated that the statements of counsel can be regarded as " 'evidence to the contrary' " to negate the presumption of inconsistent participation as provided in paragraph 6a, Manual, supra.

A decision on whether we adopt the position of the Army Court of Military Review in *Paroz* must await another case in which a resolution of the issue would result in a material alteration of the relationship of the parties. In this instance, Warrant Officer McIvor had been released from active duty before the decision by the Court of Military Review, which entirely remitted the sentence. A negative answer to the first certified question would make possible a restoration of the record of conviction on the charges dismissed by the Court of Military Review. A rehearing is not practical since Warrant Officer McIvor has been administratively separated. His sentence was totally remitted by General Court-Martial Order Number 30, Headquarters III Corps and Fort Hood, March 8, 1971. In these circumstances, reinstatement of the conviction on the dismissed charges is not a material alteration of the situation for the accused or for the Government. Hence we consider that the questions certified are moot within the meaning of the holding in United States v Gilley, 14 USCMA 226, 34 CMR 6 (1963), or academic within the meaning of the holding in United States v Aletky, 16 USCMA 536, 37 CMR 156 (1967). Consequently, we decline to answer the certified questions.

Judges QUINN and DUNCAN concur.