DANIEL L. PEEBLES, Formerly Private First Class,
U. S. Army, Petitioner

v

ROBERT F. FROEHLKE, Secretary of the Army; JOHN J. HENNES-
SEY, Major General, Commanding General, Fort Leavenworth, Kansas
66027; and ROBERT L. WOOD, Colonel, Military Judge, Respondents

22 USCMA 266, 46 CMR 266

Miscellaneous Docket No. 73–2

May 11, 1973

*Colonel Arnold I. Melnick* argued the cause for Petitioner. With him
on the brief were *Captain Barry K. Duwe, Captain Sidney B. Brody,* and
*Captain Alan J. Chaset.*

*Captain Gordon F. Bailey, Jr.,* argued the cause for Respondents. With
him on the brief were *Lieutenant Colonel Ronald M. Holdaway, Major
Thomas P. Burns, III,* and *Captain Merle F. Wilberding.*

## Opinion of the Court

DARDEN, Chief Judge:

Petitioner's application for a writ of prohibition, injunction, and other appropriate relief, is premised on the contention that he is not subject to military jurisdiction and that consequently he may not be required to undergo a rehearing directed by the convening authority following this Court's reversal of petitioner's first conviction.

On March 28, 1970, petitioner was tried by general court-martial in Vietnam and convicted of several offenses. He was sentenced to a dishonorable discharge, total forfeitures, confinement at hard labor for 10 years, and reduction to the lowest enlisted grade. On July 23, 1970, the convening authority approved the findings and sentence and directed that the accused be confined in the United States Disciplinary Barracks, Fort Leavenworth, Kansas.[1]

On May 20, 1971, the petitioner was convicted by general court-martial at Fort Leavenworth of escape from confinement and sentenced to a dishonorable discharge, total forfeitures, and confinement at hard labor for 14 months. On July 19, 1971, the convening authority approved the findings and the sen-

[1] The accused's sentence to confinement began to run on the date it was adjudged. Article 57(b), Uniform Code of Military Justice, 10 USC § 857(b).

tence in this case. On February 10, 1972, this Court denied the petition for review of the second court-martial. The sentence was ordered executed on February 25, 1972, and, under military practice, this execution interrupted the service of the sentence adjudged by the first court-martial.[2]

On March 13, 1972, the petitioner was dishonorably discharged from the Army pursuant to this second sentence and, on April 26, 1972, he completed its term of confinement. On April 27, he resumed service of his original sentence.

In the meantime, this Court had granted the accused's petition for review of his first conviction. On June 23, 1972, we set aside the findings of guilty and authorized a rehearing. United States v Peebles, 21 USCMA 466, 45 CMR 240 (1972). Our mandate was issued on July 5, 1972, and, on its authority, the convening authority directed that a rehearing be held at Fort Leavenworth. A general court-martial was convened on November 1, 1972, and, on motion of the defense, the military judge dismissed the charges for lack of jurisdiction over the petitioner. On November 30, 1972, the court was reconvened at the direction of the convening authority, to whom the trial counsel had appealed the military judge's ruling.[3]

Acceding to the convening authority's instructions, the military judge reversed his earlier ruling and denied the defense motion to dismiss for want of jurisdiction. The trial was set for January 16, 1973.

On December 6, 1972, in compliance with a request by defense counsel, the convening authority released the petitioner from confinement and permitted him to return to his home, pending trial. On February 1, 1973, Peebles filed his petition in this Court, contending that the Army had no jurisdiction over him and praying for relief against its attempt to retry him. On February 9, 1973, we stayed the proceedings against

the petitioner, and ordered the United States to show cause why the relief sought should not be granted.

The petitioner's claim of lack of jurisdiction to rehear is that, as a result of his later conviction and sentence for escape from confinement, he was dishonorably discharged from the Army and is now a civilian. He argues that any military jurisdiction that existed over him after that discharge resulted from his status as a prisoner serving the sentence adjudged in the case with which we are presently concerned. And when this Court set aside the findings and the sentence in this case, the petitioner arguably was no longer serving a sentence of a court-martial, and, since he was a civilian, by reason of his prior discharge, the Army has lost all power to retry him. As support for this proposition, he relies principally on United States ex rel. Toth v Quarles, 350 US 11, 100 L Ed 8, 76 S Ct 1 (1955). He urges that Toth is particularly applicable since he has now been released from confinement and permitted to return to his home. We do not agree.

In Toth, the petitioner had been honorably discharged from the service without any attempt to commence criminal proceedings against him. He was subsequently arrested in Pittsburgh and returned to Korea at a time when "he had no relationship of any kind with the military." 350 US at 13. The Supreme Court rejected the notion that "Article I military jurisdiction could be extended to civilian ex-soldiers who had severed all relationship with the military and its institutions." Id. at 14. It held that "Congress cannot subject civilians like Toth to trial by court-martial. They, like other civilians, are entitled to have the benefit of safeguards afforded those tried in the regular courts authorized by Article 3 of the Constitution." Id. at 23.

The petitioner is not a civilian like Toth. Cf. United States v Gallagher,

---

[2] United States v Bryant, 12 USCMA 133, 30 CMR 133 (1961).

[3] See Article 62, Uniform Code of

Military Justice, 10 USC § 862; United States v Boehm, 17 USCMA 530, 38 CMR 328 (1968).

7 USCMA 506, 22 CMR 296 (1957). While court-martial jurisdiction over a person is normally terminated by his discharge and return to the civilian community, see United States *ex rel.* Toth v Quarles, supra, in this case the petitioner was apprehended, tried, and sentenced while on active duty with the Army. His dishonorable discharge as a result of a separate court-martial proceeding cannot serve to defeat the execution of the earlier sentence. See Young v Taylor, 283 F2d 249 (10th Cir 1960) ; O'Malley v Hiatt, 74 F Supp 44 (MD Pa 1947).

Nor does our action in reversing the conviction and sentence prevent petitioner's retrial even though his discharge occurred before the reversal. In Carter v McClaughry, 183 US 365, 46 L Ed 236, 22 S Ct 181 (1902), the appellant contended that by dismissing him from the service the Army lost authority to execute other portions of his sentence relating to confinement and a fine. In rejecting the argument, the Supreme Court explained:

The accused was proceeded against as an officer of the army, and jurisdiction attached in respect of him as such, which included, not only the power to hear and determine the case, but the power to execute and enforce the sentence of the law. . . .

It may be added that the principle that where jurisdiction has attached it cannot be devested by mere subsequent change of status has been applied as justifying the trial and sentence of an enlisted man after expiration of the term of enlistment (*Barrett* v *Hopkins,* 2 McCrary, 129, 7 Fed 312), and the execution of sentence after the lapse of many years, and the severance of all connection with the Army. *Coleman* v *Tennessee,* 97 US 509, 24 L Ed 1118.

183 US at 383, See also Lee v Madigan, 358 US 228, 231, 3 L Ed 2d 260, 79 S Ct 276 (1959).

*Toth* and related cases establish that jurisdiction to try a person by court-martial depends upon the person's status as a member of the armed forces. But that status is fixed at the time the proceedings begin. Carter v McClaughry, supra; United States v Rubenstein, 7 USCMA 523, 22 CMR 313 (1957) ; paragraph 11*d*, Manual for Courts-Martial, United States, 1969 (Rev ed) ; United States v Sippel, 4 USCMA 50, 15 CMR 50 (1954).

In Reid v Covert, 351 US 487, 100 L Ed 1352, 76 S Ct 880 (1956), *rev'd on rehearing on other grounds,* 354 US 1, 1 L Ed 2d 1148, 77 S Ct 1222 (1957), the Supreme Court stated:

Nor is jurisdiction defeated by reversal of Mrs. Covert's conviction and the ordering of a rehearing. The military courts have recognized rehearings to be but continuations of the original proceedings . . . and the legislative history of Article 63 of the Code . . . bears out the fact that they were so intended by Congress. HR Rep No. 491, 81st Cong, 1st Sess 30; S Rep No. 486, 81st Cong, 1st Sess 27.

. . . . .

In this case we hold only that military jurisdiction, once validly attached, continues until final disposition of the case.

351 US at 491. Another case, Gorko v Commanding Officer, Second A. F., Shreveport, La., 314 F2d 858, 860 (10th Cir 1963), also holds that jurisdiction to rehear a case is not lost "by the subsequent change in the accused's status."

Finally, the petitioner's release from pretrial confinement and return to his home pending resolution of the issue before us did not affect jurisdiction over him. The action was taken at the request of his counsel and the petition concedes that his return for trial was contemplated. In this connection, counsel's reliance on United States v Aletky, 16 USCMA 536, 37 CMR 156 (1967), is misplaced. In *Aletky,* the jurisdictional question was not before the Court and was not considered in the opinion. This Court refused to answer a question certified by the Judge Advocate General of the Army, since the accused had been dis-

charged from the service as a result of another proceeding and there was no indication a rehearing would be attempted or any further punishment executed. Under these circumstances, the Court considered the inquiry "academic." See United States v McIvor, 21 USCMA 156, 44 CMR 210 (1972).

We hold therefore that jurisdiction to retry the petitioner was not terminated by the intervening dishonorable discharge that he received in his second trial, by this Court's reversal of his first conviction, or by his release from pretrial confinement and return to his home.

The order staying the proceedings on rehearing is vacated and the petition for extraordinary relief is denied.

Judges QUINN and DUNCAN concur.