UNITED STATES, Appellee

v.

Tracie D. STRINGER, Private
U.S. Army, Appellant

No. 01-0056

Crim. App. No. 9900211

United States Court of Appeals for the Armed Forces

Argued May 1, 2001

Decided June 12, 2001

<u>Counsel</u>

For Appellant:  Captain Kevin J. Mikolashek (argued); Colonel
    Adele H. Odegard, Lieutenant Colonel David A. Mayfield, and
    Major Jonathan F. Potter (on brief); Captain Daniel E.
    Goldman.

For Appellee:  Captain Steven D. Bryant (argued); Colonel David
    L. Hayden, Major Anthony P. Nicastro, and Captain Daniel G.
    Brookhart (on brief); Captain Susana E. Watkins.

Military Judge:  Gary J. Holland


**<u>This opinion is subject to editorial correction before publication</u>.**

Per Curiam:

A military judge sitting as a special court-martial convicted appellant, pursuant to mixed pleas, of failing to go to his appointed place of duty, willfully disobeying a noncommissioned officer's order, failing to obey an order, and assault consummated by a battery, in violation of Articles 86, 91, 92, and 128, Uniform Code of Military Justice, 10 USC §§ 886, 891, 892, and 928, respectively. The military judge sentenced appellant to a bad-conduct discharge and confinement for 80 days. The convening authority approved the sentence and gave appellant 33 days' credit against the adjudged confinement. The Court of Criminal Appeals affirmed the findings and sentence without opinion.

This Court granted review of the following issue:

WHETHER THE ARMY COURT OF CRIMINAL APPEALS ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY NOT GRANTING CONFINEMENT CREDIT AGAINST HIS SENTENCE TO CONFINEMENT, BECAUSE THE OFFICE OF THE STAFF JUDGE ADVOCATE FAILED TO COMPLY WITH THE MILITARY JUDGE'S ORDER TO PUBLISH A NEWSPAPER ARTICLE DETAILING THE PRETRIAL PUNISHMENT INFLICTED UPON APPELLANT.

For the reasons that follow, we affirm the decision below.

Appellant was pending administrative discharge and was transferred to his unit's holding detachment. On January 20, 1999, the detachment commander decided to place appellant in pretrial confinement based on allegations of disobedience, assault consummated by a battery, and assault with a dangerous weapon. The detachment commander ordered a unit formation for the purpose of taking appellant into custody and placing him in pretrial confinement. Approximately 200 soldiers from the detachment, as well as soldiers from appellant's former company

and other passersby, watched as appellant was ordered to the front of the formation, and the detachment commander read the charges and advised appellant of his rights in a loud voice. Appellant was then handcuffed by the military police in front of the formation and led away.  As he was ushered into the military police vehicle, appellant heard his commander announce to those in the formation that assaults in the holding detachment would not be tolerated, and that there had to be an "answering" for appellant's actions.

A military magistrate released appellant from pretrial confinement 2 days later.  After appellant returned to the holding detachment, drill sergeants in his unit sang cadences about him, specifically ridiculing him by chanting, ". . . now he's on his way to jail."

At trial, appellant asked the military judge for 93 days of confinement credit (3 days for each of the 31 days of "illegal humiliation and degrading comments" from the date of his initial custody until the date of trial), arguing that his unit's actions violated Article 13, UCMJ, 10 USC § 913.  The government counsel conceded that the actions the unit took against appellant were inappropriate.  The military judge gave appellant 31 days of confinement credit against any sentence adjudged as remedy for the pretrial punishment, in addition to 2 days of pretrial confinement credit.

Moreover, the military judge ordered the Staff Judge Advocate to have published in the post newspaper "an article which discusses the incorrectness of publicly humiliating a soldier accused of a crime."  He further ordered:

3

> The article will specifically address what occurred in
> this case without mentioning the names of any party,
> and discuss other examples of illegal pretrial
> punishment as reflected in military appellate case law.
> It will further address Article 93 [, UCMJ, 10 USC
> § 893,] and how people who engage in illegal pretrial
> punishment may, in fact, violate Article 93.

To enforce his order, the military judge directed that appellant be given an additional 14 days of confinement credit if the newspaper article was not published by the time the convening authority acted on the case. The military judge concluded his directive by declaring, "The actions that occurred in this case are inexcusable, reprehensible, and cannot be condoned by any court."

On March 4, 1999, the post newspaper published an article by the Staff Judge Advocate regarding pretrial punishment. The article surveyed the decisions of this Court dealing with illegal pretrial punishment. It outlined appellant's case as follows:

> Illegal pretrial punishment has also been found where
> the facts have shown: apprehension of a soldier at a
> unit formation and reading his rights in a command
> voice as he is handcuffed by the military police;
> singing cadences about an accused soldier while a
> formation is marching to chow . . . .

The article then cautioned: "Pretrial punishment is illegal, even if the chain of command's intent is only to deter other soldiers from engaging in conduct similar to that alleged." Finally, the article warned that commanders and soldiers who take part in pretrial punishment are subject to prosecution for violation of Article 93 and Article 134, UCMJ, 10 USC § 934.

Appellant submitted a lengthy clemency petition to the convening authority under RCM 1105, Manual for Courts-Martial, United States (1998 ed.), but he did not complain about the

4

adequacy of the newspaper article.  The convening authority took action in this case on April 21, 1999.

Article 13 prohibits pretrial punishment.  See United States v. McCarthy, 47 MJ 162, 165 (1997).  Pretrial punishment includes public denunciation and degradation.  United States v. Cruz, 25 MJ 326, 330 (CMA 1987).  A military judge has broad authority to order administrative credit against adjudged confinement as a remedy for Article 13 violations.  See United States v. Suzuki, 14 MJ 491, 493 (CMA 1983).

Appellant contends that the military judge intended the newspaper article to be an apology.  The Government argues that the article fully complies with the military judge's order.  We hold that the Staff Judge Advocate complied with the order.  He described the facts of appellant's case, summarized the relevant law, and cautioned that pretrial punishment is illegal and punishable under Articles 93 and 134.

The military judge gave appellant significant confinement credit, equating appellant's maltreatment to pretrial confinement.  Appellant has not asserted that this relief was inadequate.  The enforcement provision providing for an additional 14 days' credit was not triggered, because the Staff Judge Advocate complied with the military judge's order.  Accordingly, we hold that additional relief is not warranted.[*]

---

[*] This Court also specified the following issue: "Whether the military judge had authority to order the staff judge advocate to publish the newspaper article."  In light of our disposition of the granted issue, it is unnecessary to address the merits of the specified issue.  See United States v. McIvor, 21 USCMA 156, 44 CMR 210 (1972) (issue is moot if resolution would not materially alter the situation for the accused or the government).

## Decision

The decision of the United States Army Court of Criminal Appeals is affirmed.