**Aaron MOULTRIE, Petitioner,**

v.

**SECRETARY OF THE ARMY,**
**Respondent.**

**Case No. CV 09–4456–SVW (RC).**

United States District Court,
C.D. California.

July 7, 2010.

Aaron Moultrie, Pasadena, CA, pro se.

Assistant US Attorney LA–CV, Assistant US Attorney LA–Habeas 2241 Cases, Nicholas A. Trutanich, AUSA–Office of US Attorney, Los Angeles, CA, for Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

STEPHEN V. WILSON, District Judge.

Pursuant to 28 U.S.C. Section 636, the Court has reviewed the petition and other papers along with the attached Report and Recommendation of United States Magistrate Judge Rosalyn M. Chapman, and has made a de *novo* determination.

IT IS ORDERED that (1) the Report and Recommendation is approved and adopted; (2) the Report and Recommendation is adopted as the findings of fact and conclusions of law herein; and (3) Judgment shall be entered denying the petition and dismissing the action with prejudice.

IT IS FURTHER ORDERED that the Clerk shall serve copies of this Order, the Magistrate Judge's Report and Recommendation and Judgment by the United States mail on petitioner.

## JUDGMENT

Pursuant to the Order of the Court adopting the findings, conclusions, and recommendations of United States Magistrate Judge Rosalyn M. Chapman,

IT IS ADJUDGED that the petition for writ of habeas corpus is denied and the action is dismissed with prejudice.

## REPORT AND RECOMMENDATION OF A UNITED STATES MAGISTRATE JUDGE

ROSALYN M. CHAPMAN, United States Magistrate Judge.

This Report and Recommendation is submitted to the Honorable Stephen V. Wilson, United States District Judge, by Magistrate Judge Rosalyn M. Chapman, pursuant to the provisions of 28 U.S.C. § 636 and General Order 05–07 of the United States District Court for the Central District of California.

## BACKGROUND

### I

On July 26, 2001, petitioner Aaron Moultrie entered active duty with the United States Army. Answer, Att. 1. On October 9, 2003, following a trial by general court-martial in Mannheim, Germany, petitioner was convicted of one count of premeditated attempted murder in violation of Uniform Code of Military Justice ("U.C.M.J.") Art. 80, 10 U.S.C. § 880 ("count 1"), one count of failing to obey a lawful general regulation (prohibiting displaying a knife longer than three inches in a manner likely to make a reasonable person fear their safety) in violation of U.C.M.J. Art. 92, 10 U.S.C. § 892 ("count 2"), and one count of assault with a dangerous weapon (knife) in violation of U.C.M.J. Art. 128, 10 U.S.C. § 928 ("count 3"). Answer, Att. 2. The petitioner was sentenced to 10 years confinement, forfeiture of months, and a dishonorable discharge; the Department of the Army disapproved the guilty finding on count 3 and reduced petitioner's sentence to 114 months confinement and loss of $750.00 pay per month for 114 months. Answer, Att. 3.

The petitioner appealed his conviction and sentence to the United States Army Court of Criminal Appeals, which, on Sep-

tember 26, 2006, dismissed count 2 as "an unreasonable multiplication of charges," affirmed the remaining finding of guilty and reassessed petitioner's sentence providing for "a dishonorable discharge, confinement for 112 months, and forfeiture of $750.00 pay per month for 112 months." Answer, Att. 4. The petitioner sought review from the United States Court of Appeals for the Armed Forces, which denied review on December 15, 2006. Answer, Atts. 5–6.

On June 26, 2008, petitioner filed a petition for clemency and parole in the Army Clemency and Parole Board ("the Board"), which denied his petition on August 5, 2008, and instead determined petitioner should be placed "on Mandatory Supervised Release ("MSR"), with alcohol abuse aftercare conditions, once [petitioner] reach[es][his] minimum release date...." [1] Answer, Att. 10–11. On June 3, 2009, petitioner was released from physical custody and placed on MSR, despite refusing to sign the MSR agreement, and petitioner's MSR is scheduled to expire October 12, 2012.[2] Answer, Att. 11 at 2, 4–5.

## II

On June 22, 2009, petitioner filed the pending habeas corpus petition under 28 U.S.C. § 2241 seeking the termination of MSR, and on August 28, 2009, the Government answered the petition. The petitioner did not file a reply.

The petition raises the following grounds for habeas corpus relief:

Ground One: "Petitioner's placement on [MSR] is illegal where the [ ] Board is not statutorily authorized to impose involuntary conditions of release" on MSR (Petition at 10–15);

Ground Two: "Petitioner's placement in [MSR] is illegal where placement in [MSR] resulted in abrogation of [petitioner's] constitutionally protected liberty interest in good conduct time abatement days and earned abatement days without due process" (Petition at 15–19); and

Ground Three: "Petitioner's placement in [MSR] is illegal where the [ ] Board's action resulted in an increase in punishment prohibited by the the [sic] Due Process Clause of the Fifth Amendment and a violation to [sic] clearly established federal law as determined by the Supreme Court." (Petition at 20–26).

## DISCUSSION

### III

■ The respondent contends petitioner's case is "moot" since petitioner "was not in custody at the time of filing this lawsuit[.]" Answer at 19:3–5, 19:19–20:17. There is no merit to this claim, whether denominated mootness or lack of custody.

Section 2241 provides that federal courts have jurisdiction to grant writs of habeas corpus to individuals "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The petitioner is in "custody" within the meaning of Section 2241 because he is "subject to supervised release...." *Matus–Leva v. United States*, 287 F.3d 758, 761 (9th Cir.), *cert. denied*, 537 U.S. 1022, 123 S.Ct. 544, 154 L.Ed.2d 431 (2002); *Mujahid v. Daniels*, 413 F.3d 991, 994–95 (9th Cir.2005), *cert. denied*, 547 U.S. 1149, 126 S.Ct. 2287, 164 L.Ed.2d 817 (2006); *see also Calley v. Callaway*, 519 F.2d 184, 191 n. 5 (5th Cir.1975) ("The

---

1. The petitioner had previously petitioned the Board for clemency, reenlistment and parole, and the Board denied that petition on August 21, 2007. Answer, Att. 7.

2. Petitioner's MSR destination is Pasadena, California, and he is being supervised on MSR by a probation/parole officer located in West Covina, California. Answer, Att. 11 at 3.

Army has granted [inmate's] application for parole and he has been released from confinement. This fact, however, does not deprive the federal courts of habeas corpus jurisdiction, for a person on parole is 'in custody' for purposes of habeas corpus jurisdiction."), *cert. denied,* 425 U.S. 911, 96 S.Ct. 1505, 47 L.Ed.2d 760 (1976); *Huschak v. Gray,* 642 F.Supp.2d 1268, 1280 (D.Kan.2009) ("[P]etitioner was not released from [military] 'custody' even when he was placed on MSR, because parole or MSR constitutes 'custody.' ").

Moreover, petitioner's claims are not moot since he is challenging the legality of his placement on MSR, and he clearly has a legal interest in the outcome of this litigation. *See,* e.g., *Murphy v. Hunt,* 455 U.S. 478, 481, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982) (per curiam) ("In general, a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." (citations and internal quotation marks omitted)); *Serrato v. Clark,* 486 F.3d 560, 565 (9th Cir.2007) (habeas petition not moot when petitioner was released on supervised release since petitioner "seeks relief in the form of reduction of . . . supervised release").

### IV

■ The respondent also contends petitioner "has failed to name the proper immediate custodian and this Court lacks jurisdiction because the proper [r]espondent is the Commandant of the [United States Disciplinary Barracks at Fort Leavenworth, Kansas ("USDB")]." Answer at 20:18–21:17. There also is no merit to this claim.

■ "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].' " *Rumsfeld v. Padilla,* 542 U.S. 426, 434, 124 S.Ct. 2711, 2717, 159 L.Ed.2d 513

(2004) (quoting 28 U.S.C. § 2242); *see also Brittingham v. United States,* 982 F.2d 378, 379 (9th Cir.1992) (per curiam) ("The proper respondent in a federal habeas corpus petition is the petitioner's 'immediate custodian.' " (citation omitted)). Thus, when a petitioner is in physical confinement, "the proper respondent is the warden of the facility where the prisoner is being held . . . ." *Padilla,* 542 U.S. at 435, 124 S.Ct. at 2718; *Brittingham,* 982 F.2d at 379. However, "a habeas petitioner who challenges a form of 'custody' other than present physical confinement may name as respondent the entity or person who exercises legal control with respect to the challenged 'custody.' " *Padilla,* 542 U.S. at 438, 124 S.Ct. at 2720; *Braden v. 30th Judicial Cir. Court of Ken.,* 410 U.S. 484, 494–95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973).

Here, as respondent acknowledges, Answer at 6:9–12, petitioner was not physically confined when he filed the pending habeas corpus petition; therefore, the USDB Commandant is not the proper respondent. Rather, the proper respondent is petitioner's probation/parole officer who supervises his MSR, *see Huschak,* 642 F.Supp.2d at 1274 ("Inmates placed on MSR are deemed 'as if on parole' . . . [and] are under the supervision of a U.S. Probation Officer." (citation omitted)); *Matthews v. Meese,* 644 F.Supp. 380, 381 (D.C.D.C. 1986) ("[F]or purposes of the habeas statute, the custodian of a parolee is his or her parole officer . . . . It is the parole officer who is charged with the day-to-day, direct supervision of the parolee, and to whom the parolee must periodically report. The parole officer determines whether or not a parolee is in compliance with the terms of his or her parole, and it is upon that determination that the parolee's freedom from incarceration rests."), and that person is located in the Central District of California. Answer, Exh. 11 at 3; *see also*

*Feldman v. Perrill,* 902 F.2d 1445, 1450 (9th Cir.1990) ("The District of Arizona administers his current parole, therefore ... it is in that district that petitioner must proceed."). Therefore, this Court can obtain personal jurisdiction over petitioner's probation officer.[3]

## V

A military prisoner who is released from confinement prior to the completion of his full sentence may be subject to MSR, parole,[4] or good conduct time.[5] *Huschak,* 642 F.Supp.2d at 1272–73. The Department of Defense ("DoD") introduced MSR in 2001. *Huschak,* 642 F.Supp.2d at 1273; *Pena,* 64 M.J. at 262. MSR "covers specified classes of prisoners who have served sufficient time in confinement to be considered for parole, but who are not granted parole." *Pena,* 64 M.J. at 262. "Prior to [2001], if an inmate was not accepted for parole and remained confined until his [minimum release date], the inmate would be unconditionally released without supervision. This allowed inmates who may have been judged too great a risk or otherwise unworthy of parole, to be released without the conditions imposed upon the release of inmates who were granted parole." *Huschak,* 642 F.Supp.2d at 1273. To correct this, and to facilitate the rehabilitation of inmates, DoD concluded that:

[t]he supervised release of prisoners who are not granted parole prior to their [minimum release date] is a highly effective technique to provide an orderly transition to civilian life for released prisoners and to better protect the communities into which such prisoners are released. Accordingly, it shall be the policy of the Department of Defense to use supervised release in all cases except where it is determined by the Service Clemency and Parole Boards to be inappropriate.

Department of Defense Instructions ("DoDI") 1325.7, § 6.20.1 (2001).

"As with parole, [MSR] applies from the time of release from prison until the end of the prisoner's approved sentence, and it may be revoked for violation of the terms and conditions of the program." *Pena,* 64 M.J. at 262; *Huschak,* 642 F.Supp.2d at 1274. However, "[u]nlike the parole program, release on MSR is not voluntary." *Huschak,* 642 F.Supp.2d at 1273; *Pena,* 64 M.J. at 262. "In addition to the conditions that may be imposed during parole, the Clemency and Parole Board may use the [MSR] program to impose 'any additional reasonable supervision conditions ... that would ... further an orderly and successful transition to civilian life for released prisoners, and which would better protect the communities into

3. Since, as discussed below, petitioner's claims are without merit, the Court does not require petitioner to make the futile action of amending his habeas corpus petition to name his probation officer as respondent, and instead addresses petitioner's claims. *Cf. Smith v. Idaho,* 392 F.3d 350, 356 n. 6 (9th Cir. 2004).

4. "Parole is a form of conditional release from confinement under the guidance and supervision of a United States probation officer." *United States v. Pena,* 64 M.J. 259, 262 (C.A.A.F.), *cert. denied,* 550 U.S. 937, 127 S.Ct. 2281, 167 L.Ed.2d 1095 (2007); *see also* Department of Defense Directive 1325.04

§ E2.1.6 (defining parole as "[c]onditional release from confinement under the guidance and supervision of a U.S. probation officer"). However, "[t]here is no right to parole in the military system[,]" *Huschak,* 642 F.Supp.2d at 1273; rather, "[t]he decision as to whether parole should be granted is vested in the Clemency and Parole Boards of the military departments." *Pena,* 64 M.J. at 262; *Huschak,* 642 F.Supp.2d at 1273.

5. "Good conduct time is accorded to every military prisoner serving a non-life sentence of confinement. It is considered an abatement of a sentence to confinement." *Huschak,* 642 F.Supp.2d at 1274 (citation omitted).

which prisoners are released.'" *Pena,* 64 M.J. at 262 (quoting DoDI 1325.7, § 6.20.2 (2001)). "Release from confinement on MSR is considered acceptance of the terms and conditions of supervised release." *Huschak,* 642 F.Supp.2d at 1274; DoDI 1325.7 § 6.20.4 (2001).

In Ground One, petitioner claims his placement on MSR is "illegal" because the "Board is not statutorily authorized to impose involuntary conditions of release" on MSR. Petition at 10–15. The respondent disagrees, however, contending "the military has statutory authority to implement an involuntary and mandatory supervised release program as part of [its] system of parole." Answer at 25:23–29:12. The respondent is correct.

Statutory authority for MSR is derived from 10 U.S.C. § 952, which provides:

The Secretary concerned may provide a system of parole for offenders who are confined in military correctional facilities and who were at the time of commission of their offenses subject to the authority of that Secretary.

10 U.S.C. § 952(a). "'The essence of parole is release from prison, before the completion of sentence, on the condition that the prisoner abide by certain rules during the balance of the sentence.'" *Samson v. California,* 547 U.S. 843, 850, 126 S.Ct. 2193, 2198, 165 L.Ed.2d 250 (2006) (quoting *Morrissey v. Brewer,* 408 U.S. 471, 477, 92 S.Ct. 2593, 2598, 33 L.Ed.2d 484 (1972)). As described above, MSR functions in the same manner as parole. *See Huschak,* 642 F.Supp.2d at 1276 ("The system of MSR applied to petitioner is a parole system in which petitioner was required to serve the balance of his sentence outside of confinement on the condition that he abide by certain rules."); *United States v. Pena,* 61 M.J. 776, 782 (A.F.Ct. Crim.App.2005) ("MSR is, for all practical purposes, parole.... Apart from the dif-

ferences in calculating release eligibility dates, MSR and parole are virtually indistinguishable."), *affirmed by, United States v. Pena,* 64 M.J. 259 (C.A.A.F.), *cert. denied,* 550 U.S. 937, 127 S.Ct. 2281, 167 L.Ed.2d 1095 (2007).

Nevertheless, petitioner argues that "MSR can not [sic] be parole because the program is involuntary and the release is non-discretionary." Petition at 11. Again, the Court disagrees. Parole is not invariably a voluntary or discretionary system. *See,* e.g., *Morrissey,* 408 U.S. at 477–78, 92 S.Ct. at 2598 ("Under some systems, parole is granted automatically after the service of a certain portion of a prison term. Under others, parole is granted by the discretionary action of a board, which evaluates an array of information about a prisoner and makes a prediction whether he is ready to reintegrate into society."); *Huschak,* 642 F.Supp.2d at 1276 ("It does not matter whether the conditions were voluntary or involuntary ... [since] some parole systems are automatic."); *Pena,* 61 M.J. at 782 (MSR "may be an involuntary form of our traditional notion of parole, in that the inmate does not ask or apply for it, but it is parole nevertheless." (footnote omitted)).

Finally, petitioner attempts to compare MSR to the civilian system of supervised release under 18 U.S.C. § 3583. Petition at 12, 14. However, petitioner's argument is not persuasive, as the *Huschak* court explained:

The federal civilian system of supervised release differs from most parole systems because supervised release is imposed upon civilians by a court, instead of a parole board, as part of the sentence. The period of actual confinement ordered at the time of sentencing is not shortened by supervised release under § 3583; in fact, it may be lengthened if supervised release is revoked. This court need not decide whether the sys-

tem of supervised release under § 3583 is a "parole" system. That is not the issue here. The question is whether MSR is a "parole" system. We answer the question "yes."

*Huschak*, 642 F.Supp.2d at 1276. For all the reasons discussed herein, Ground One is without merit. *Id.; see also Pena*, 61 M.J. at 783 ("MSR as devised and implemented in the [Department of Defense] is part of the 'system of parole' authorized by 10 U.S.C. § 952.").

## VI

 In Grounds Two and Three, petitioner claims his placement in MSR "resulted in abrogation of [his] constitutionally protected liberty interest in good conduct time abatement days and earned abatement days without due process[,]"[6] as well as increasing petitioner's punishment in violation of due process. Petition at 15–27. However, petitioner's claims are conclusory and insufficient to warrant habeas corpus relief since, among other reasons, petitioner has not shown he lost any good conduct credit when placed on MSR or that his punishment has been increased beyond his 112–month sentence.[7] *Jones v. Gomez*, 66 F.3d 199, 204–05 & n. 1 (9th Cir.1995), *cert. denied*, 517 U.S. 1143, 116 S.Ct. 1437, 134 L.Ed.2d 559 (1996); *James v. Borg*, 24 F.3d 20, 26 (9th Cir.), *cert. denied*, 513 U.S. 935, 115 S.Ct. 333, 130 L.Ed.2d 291 (1994).

**6.** At least one district court has rejected this claim on the merits, noting an inmate receives the benefit of good conduct credit when he is placed on MSR. *See Huschak*, 642 F.Supp.2d at 1278 ("Petitioner received the benefit of his good conduct time by its positive impact upon petitioner's [minimum release date]. When petitioner was placed on MSR, he was released from confinement (albeit with conditions) earlier than if he had not received credit for good conduct.").

## RECOMMENDATION

IT IS RECOMMENDED that the Court issue an Order: (1) approving and adopting this Report and Recommendation; (2) adopting the Report and Recommendation as the findings of fact and conclusions of law herein; and (3) directing Judgment be entered denying the petition for habeas corpus and dismissing the action with prejudice.

**7.** Having reached this conclusion, it is unnecessary to address respondent's claim that petitioner waived Grounds Two and Three by failing to present those claims to the military courts. *See* Answer at 21:18–22:15; *see also Huschak*, 642 F.Supp.2d at 1278 (petitioner waived claim that "MSR program violated petitioner's liberty interest in good conduct time and earned abatement days without due process" when petitioner "did not raise this issue before the military courts, where review would be available").