*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

───────────────

### UNITED STATES
Appellant

**v.**

### Joshua KATSO, Airman Basic
United States Air Force, Appellee

**No. 17-0326**
Crim. App. No. 38005 (rem)

Argued December 5, 2017—Decided March 12, 2018

Military Judges: William C. Muldoon Jr.,
and Matthew D. Van Dalen

For Appellant: *Captain Tyler B. Musselman* (argued);
*Mary Ellen Payne*, Esq. *(*on brief).

For Appellee: *Captain Patrick A. Clary* (argued); *Major Isaac C. Kennen* (on brief); *Colonel Jane E. Boomer*.

Judge RYAN delivered the opinion of the Court, in which Chief Judge STUCKY, Judges OHLSON and SPARKS, and Senior Judge EFFRON, joined.

───────────────

Judge RYAN delivered the opinion of the Court.

The United States Air Force Court of Criminal Appeals (AFCCA) wrongly assumed that the procedures and penalties contained in Rule for Courts-Martial (R.C.M.) 305 (entitled "Pretrial confinement") applied in full to Appellee—an adjudged and sentenced prisoner whose sentence has been ordered executed. Accordingly, it determined that Appellee was entitled to a sua sponte continued confinement hearing within seven days of the Government's certification to this Court pursuant to Article 67(a)(2), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 867 (2012), and day-for-day credit for each day served in confinement between certification and the date of the continued confinement hearing. *United States v. Katso* (*Katso III*), No. ACM 38005 (rem), slip op. at 9−10 (A.F. Ct. Crim. App. Feb. 2, 2017) (unpublished).

Appellee was not in pretrial confinement, and neither of the cases the AFCCA relied upon—*Moore v. Akins*, 30 M.J. 249, 253 (C.M.A. 1990), and *United States v. Miller*, 47 M.J. 352, 361−62 (C.A.A.F. 1997)—purported to adopt all R.C.M. 305 procedures and penalties in post-trial cases pending appellate review to this Court. Moreover, R.C.M. 305 does not govern this case: Article 57a(c), UCMJ, 10 U.S.C. § 857a(c) (2012), is the statute governing deferral of continued confinement pending appellate review under Article 67(a)(2), UCMJ. While that statute provides that convicted prisoners *may* seek deferral of confinement pending review of a decision favorable to the accused certified to this Court, and that the relevant secretary *may* grant such deferral and order the prisoner released, it does not provide guidance let alone requirements as to the timing of such review, or the penalties, if any, for failing to initiate such review.

In any event, Appellee, an adjudged and sentenced prisoner, *received* a continued confinement hearing during the pendency of the Government's certificate of review to this Court, once he asked for one. That hearing was resolved against him, he remained confined, and all periods of confinement served were credited against his adjudged sentence once the decision of the AFCCA was reversed by this Court in 2015. There was no prejudice to the substantial rights of the accused, Article 59(a), UCMJ, 10 U.S.C. § 859(a) (2012), and no basis for awarding confinement credit even if he was entitled to a hearing sua sponte.

We affirm Appellee's findings and sentence, but reverse the erroneous decision of the AFCCA in awarding confinement credit.

## I. Facts and Procedural History

Appellee was convicted, contrary to his pleas, by a general court-martial composed of officer and enlisted members of one specification of aggravated sexual assault, one specification of burglary, and one specification of unlawful entry, in violation of Articles 120, 129, and 134, UCMJ, 10 U.S.C. §§ 920, 929, 934 (2012). The court-martial sentenced Appellee to confinement for ten years, a dishonorable discharge, and forfeiture of all pay and allowances. The convening authority approved the sentence as adjudged.

On April 11, 2014, the AFCCA set aside the findings and sentence. *United States v. Katso* (*Katso I*), 73 M.J. 630, 642 (A.F. Ct. Crim. App. 2014). On June 9, 2014, the Judge Advocate General (TJAG) of the Air Force certified an issue to this Court, pursuant to Article 67(a)(2), UCMJ.

Argument on the certified issue was heard at this Court on October 7, 2014. While the first certification was pending, Appellee remained in confinement. Appellee requested review of his continued confinement for the first time on June 3, 2015, approximately one year after TJAG certification. On June 4, 2015, Appellee filed a motion with our Court for appropriate relief in the event this Court reversed the AFCCA's decision on the certified issue. On June 5, 2015, Appellee also filed a petition for extraordinary relief in the nature of a writ of habeas corpus with AFCCA, requesting to be released from confinement. On June 6, 2015, a continued confinement hearing was ordered to determine whether Appellee should remain confined pending the decision of this Court.

On June 15, 2015, Appellee's continued confinement hearing was held. The Continued Confinement Reviewing Officer determined that Appellee should remain in confinement pending the resolution of his appeal because it was foreseeable that Appellee was both a flight risk and would engage in other serious criminal misconduct, and less severe forms of restraint were inadequate. Appellee remained in confinement.

Subsequently, this Court issued its opinion in *United States v. Katso* (*Katso II*), 74 M.J. 273 (C.A.A.F. 2015), and reversed the decision of the AFCCA, effectively reinstating Appellee's convictions and sentence.[1] *Id.* at 284. The record was remanded to the AFCCA for further proceedings under Article 66, UCMJ, 10 U.S.C. § 866 (2012). *Id.* Appellee's petition for a writ of certiorari was denied. *Katso v. United States*, 136 S. Ct. 1512 (2016).

---

[1] In our decision, we denied Appellee's motion for appropriate relief without prejudice to seeking relief upon remand to the lower court. *Katso II,* 74 M.J. at 284 n.8.

On remand before the AFCCA, Appellee asserted, inter alia, that he was entitled to day-for-day sentence relief for procedural errors under R.C.M. 305 relating to his confinement pending resolution of the Government appeal. *Katso III*, No. ACM 38005 (rem), slip op. at 2, 4. The AFCCA, relying on *Moore*, *Miller*, and R.C.M. 305(i)(2), held that a continued confinement hearing was required within seven days of TJAG certification. *Id.* at 9. Moreover, relying on language in R.C.M. 305, particularly R.C.M. 305(k), the AFCCA awarded Appellee with 365 days of credit to his confinement, representing day-for-day credit for the period between certification and the date of the continued confinement hearing without testing for prejudice.[2] *Id.* at 10.

Pursuant to Article 67(a)(2), UCMJ, TJAG then certified following issues:

> I. WHETHER THE AIR FORCE COURT OF CRIMINAL APPEALS ERRED WHEN IT HELD THAT *UNITED STATES v. MILLER*, 47 M.J. 352 (C.A.A.F. 1997) REQUIRED THE GOVERNMENT TO HOLD A CONTINUED CONFINEMENT HEARING WITHIN 7 DAYS OF THE JUDGE ADVOCATE GENERAL'S DECISION ON CERTIFICATION.

> II. WHETHER THE AIR FORCE COURT OF CRIMINAL APPEALS ERRED WHEN IT FOUND THAT GOVERNMENT'S FAILURE TO HOLD A CONTINUED CONFINEMENT HEARING WITHIN 7 DAYS OF THE JUDGE ADVOCATE GENERAL'S DECISION ON CERTIFICATION AUTOMATICALLY RESULTED IN DAY-FOR-DAY SENTENCING CREDIT.

> III. WHETHER APPELLEE WAS PREJUDICED WHEN THE GOVERNMENT FAILED TO HOLD A CONTINUED CONFINEMENT HEARING WITHIN 7 DAYS OF CERTIFICATION.

---

[2] The AFCCA affirmed Appellee's findings and sentence as to the aggravated sexual assault and burglary charges and specifications, and set aside and dismissed with prejudice the unlawful entry charge and specification. *Katso III*, No. ACM 38005 (rem), slip op. at 10.

## II. Discussion

Whether the government has a sua sponte duty to hold a continued confinement hearing within seven days of a certification to this Court under Article 67(a)(2), UCMJ, is a question of law, which we review de novo. *United States v. Rendon*, 58 M.J. 221, 224 (C.A.A.F. 2003) (citing *United States v. Tardif*, 57 M.J. 219 (C.A.A.F. 2002)).

The overarching problem with the AFCCA's approach to this case is that, without any case law, or any rule-based or statutory authority, it imposed the *entirety* of R.C.M. 305 procedures and penalties, crafted for pretrial confinement, on the Government in a completely different context. *See United States v. McCarthy*, 47 M.J. 162, 165 (C.A.A.F. 1997) (procedural safeguards are due to pretrial detainees, who are accused, but not yet been proven guilty of an offense, to ensure due process); *United States v. Heard*, 3 M.J. 14, 20 (C.M.A. 1977) ("[U]nless confinement prior to trial is compelled by a legitimate and pressing social need sufficient to overwhelm the individual's right to freedom—given the fact that probable cause exists to believe he has committed a crime—restrictions unnecessary to meet that need are in the nature of intolerable, unlawful punishment."); *Bell v. Wolfish*, 441 U.S. 520, 535–539 (1979) (recognizing that "[f]or under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilty in accordance with due process of the law"); *see also* Article 13, UCMJ, 10 U.S.C. § 813 (2012) (proscribing pretrial punishment). We agree with Chief Judge Drew, *Katso III*, No. ACM 38005 (rem), slip op. at 11−14 (Drew, C.J., dubitante) (opining that Appellee remained an adjudged and sentenced prisoner until appellate review was final and R.C.M. 305 did not apply). Consequently, interposing the rule-based seven-day hearing requirement from R.C.M. 305(i)(2) in this case, which resulted in rule-based day-for-day credit under R.C.M. 305(j)(2) and R.C.M. 305(k) for failure to comply with procedures that did not apply to Appellee's situation, was error.

Moreover, the AFCCA's reliance on *Moore* and *Miller* to impose the requirements of R.C.M. 305 in toto was equally unfounded. Neither case purported to impose the entirety of R.C.M. 305 procedural requirements or penalties in a search for "a practical means ... to release accused servicemembers

from confinement pending appeal in meritorious cases." *Moore*, 30 M.J. at 253.

And, in any event, *Moore* was decided prior to the promulgation of Article 57a(c), UCMJ, which provided such a practical means. Congress established Article 57a(c), UCMJ, to govern the treatment of convicted prisoners where "the sentence to confinement has been ordered executed, but in which review of the case under ... (article 67(a)(2)) is pending." Article 57a(c), UCMJ, permits "the Secretary concerned" to "defer further service of the sentence to confinement while that review is pending." In other words, convicted prisoners *may* seek deferral of confinement pending review of a decision favorable to the accused certified to this Court by TJAG and the relevant secretary *may* grant such deferral and order the prisoner released.

*Miller* was decided after Article 57a(c), UCMJ, was enacted, and opined that, upon TJAG's certification to this Court of a favorable decision to an accused from a Court of Criminal Appeals (CCA), the accused must "be released in accordance with that decision or a hearing on continued confinement be conducted under RCM 305." *Miller*, 47 M.J. at 362. But even *Miller* did not purport to hold that *all* the procedures and penalties contained within R.C.M. 305 traveled along with a R.C.M. 305-styled continued confinement hearing. Moreover, *Miller* failed to address Article 57a, UCMJ, let alone its statutory primacy on the question of deferral of sentence, including confinement, during the pendency of an Article 67(a)(2), UCMJ, appeal to this Court.

We have no doubt that where a prisoner whose "sentence to confinement has been ordered executed, but in which review of the case under ... (article 67(a)(2)) is pending," seeks a continued confinement hearing, the language of Article 57a(c), UCMJ, is broad enough to permit such a hearing so that the relevant secretary can determine whether to release the prisoner in accordance with Article 57a(c), UCMJ. But the statute is silent on how or when the determination to release is to be made, and neither the President nor a majority of the service secretaries have promulgated procedural rules or remedies implementing the

statute to address these questions.[3] While such guidance would be both helpful and appropriate, *see*, *e.g.*, *United States v. Kelson*, 3 M.J. 139, 140−42 (C.M.A. 1977); Article 36, UCMJ, 10 U.S.C. § 836 (2012); Article 140, UCMJ, 10 U.S.C. § 940 (2012), the AFCCA itself acted ultra vires in imposing the procedural requirements and penalties of R.C.M. 305 on the Government. *Barker v. Wingo*, 407 U.S. 514, 523 (1972) (concluding that a court should "confine [its] efforts" in the adjudicative process rather than engage in legislative or rulemaking activity).

Finally, even assuming arguendo that the Government should have held a continued confinement hearing sua sponte, within seven days or otherwise, Appellee suffered no prejudice from its failure to do so. Article 59(a), UCMJ; *see United States v. Ward*, 74 M.J. 225, 227 (C.A.A.F. 2015) ("We review prejudice determinations under a *de novo* standard of review." (citation omitted)). A continued confinement hearing was held when Appellee requested it. And that hearing concluded that Appellee was not entitled to be released. Thus, in the end, since Appellee's sentence was effectively restored by this Court, *Katso II*, 74 M.J. at 284, the time Appellee served between certification and the confinement hearing was in accordance with his adjudged and approved sentence. We conclude that the AFCCA erroneously awarded Appellant confinement credit when none was due.[4]

---

[3] The Secretary of the Navy has promulgated the following rule: "[d]eferment requests pursuant to Article 57a(c) shall be addressed to the Secretary of the Navy via the Judge Advocate General (OJAG Code 20)." Dep't of the Navy, Judge Advocate General Instr. 5800.7F, Manual of the Judge Advocate General para. 0155a.b (June 26, 2012) (JAGMAN).

[4] Appellee's motion to dismiss the certified issues, *Katso*, 17-0326/AF, App. Mot. to Dismiss (Jan. 17, 2018), is denied; Appellee's motion to supplement the record, *Katso*, 17-0326/AF, App. Mot. to Supp. (Jan. 29, 2018), is granted. By answering the certified questions, we neither rule on a moot question nor render an advisory opinion in this case. *United States v. Chisholm*, 59 M.J. 151, 152 (C.A.A.F. 2003); *cf. United States v. Clay*, 10 M.J. 269, 269 (C.M.A. 1981) (per curiam); *United States v. McIvor*, 21 C.M.A. 156, 156, 44 C.M.R. 210, 210 (1972). As evident from the supplement to the record, which the Government inexplicably opposes our review of, *Katso*, 17-0326/AF, Answer to App. Mot. to

Therefore, we answer Issues I and II in the affirmative and Issue III in the negative.

## III. Judgment

The decision of the United States Air Force Court of Criminal Appeals is affirmed with respect to the findings and sentence, but it is reversed as to the erroneous action taken granting 365 days of administrative credit toward Appellee's sentence to confinement.

---

Supp. (Feb. 2, 2018), Appellee is on Mandatory Supervised Release (MSR), which continues until "expiration of [his] sentence to confinement." Dep't of the Air Force, Instr. 31-105, Security, Air Force Corrections System para. 12.24 (June 15, 2015, as amended by Air Force Guidance Memorandum 2017-01, June 28, 2017); *see also* Dep't of Defense, Instr. 1325.07, Administration of Military Correctional Facilities and Clemency and Parole Authority, Enclosure 3, at 94 (Mar. 11, 2013, incorporating Change 2, Sept. 22, 2017) (MSR can be revoked, requiring a servicemember to serve the remainder of his confinement sentence); *United States v. Pena*, 64 M.J. 259, 262 (C.A.A.F. 2007); *Moultrie v. Sec. of the Army*, 723 F. Supp. 2d 1230, 1235−37 (C.D. Cal. 2010) (habeas petition not moot because petitioner was still in military "custody" while on MSR). Thus, given the nature of the MSR program, this Court's resolution of the certified issues would still result in a "material alteration of the situation for the accused," in the form of Appellee's final sentence to confinement affirmed on appeal. *Clay*, 10 M.J. at 269 (internal quotation marks omitted) (quoting *McIvor*, 21 C.M.A. at 158, 44 C.M.R. at 212).